**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **JESSICA FERRATO,** | ) | **CASE NO. 1:24 CV 1351** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CITY OF LAKEWOOD, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |


*Pro se* Plaintiff Jessica Ferrato filed this action against the City of Lakewood, the City of Cleveland, Cuyahoga County, and the State of Ohio. In the Complaint, she mentions multiple traffic stops that occurred from 2003 to 2019, blocks on her license, ongoing municipal housing code violations,  a traffic-related court event in Maine in 1999; and plagiarism for movie scripts she claims she created for popular films. She does not identify any legal claims. She seeks injunctive relief, unspecified damages, expungement of traffic citations and convictions, and federal protection. Plaintiff also filed two addendums to the complaint that seek to add new "evidence" to the complaint and the state of Maine as a defendant.[1] (R. 5-6).

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted, but this action is dismissed for the following reasons.

---

[1] The addendums do not cure in any manner the lack of any readily identifiable legal claims in the complaint.

## I.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *See, e.g., Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," which encompasses claims that may be

fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint.

## II. Plaintiff's Allegations

Plaintiff lists a number of traffic stops and arrests that occurred in various cities from 2003 until 2019. She refers to these stops as traffic check points. She contends she was arrested at 5:30 a.m. for operating a bicycle in a reckless manner. She states was stopped by Newburgh Heights police for having a loud muffler and an obstructed windshield. She contends she was stopped three times in one month for speeding in a school zone. She indicates she was also stopped for rolling through a stop sign. She contends that all of these traffic stops were motivated by her social media posts and her protest activities. She also contends that she was targeted by undercover officers and the Hell's Angels.

Plaintiff's traffic stop in Newburgh Heights resulted in her arrest for driving with a suspended license. She indicates she went to court and paid a fine without showing proof of insurance. She later received notification from the State of Ohio that she needed to provide proof of insurance to avoid suspension of her license. She indicates she provided proof of insurance but received another similar letter that she ignored.

Plaintiff alleges that in 1999, charges were brought against her in the State of Maine. She claims an attorney went to court for her, but she did not attend. She indicates that she was able to obtain an Ohio driver's license and renew it several times. In 2019 she discovered there was a block on her license, and she was unable to renew it or obtain a state identification card. She contends that the license block was from the State of Maine. Plaintiff contends it was part of a larger plot to keep her from voting. She indicates that foreclosures and property seizures are also

3

being used to prevent people in swing states from voting. Plaintiff alleges that state and federal government officials are permitted to buy, sell, and repackage illegal drugs such as fentanyl, cocaine, and methamphetamine.  She contends this network of law enforcement personnel launder money through associated political operatives to eliminate voters in "high-electoral payoff regions in swing states."  (Doc. No. 1 at PageID #: 12).

Plaintiff claims she has been targeted for harassment through housing code violations, utility shut offs, and hurdles to business registrations at two rental properties in Cleveland.  She contends her water was shut off not long after she published a survey form for northeast Ohio residents to report basement flooding issues that might be associated with sewer and storm water. She claims she was told that her house was improperly connected to the sewer system.

Finally, Plaintiff alleges that her original screenplays have been taken and used to create the Netflix series Rabbit Hole, the Apple TV series Severance, the Amazon Prime series Homecoming, the movie Barbarian, the series Better Call Saul, and the Barbie Movie. She claims she submitted these ideas and screenplays at workshops at Yale in 2017 and in screenplay competitions.

### III.  Analysis

As an initial matter, Plaintiff does not assert any legal claims, and none are readily apparent on the face of her Complaint. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief.  To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  This Complaint does not contain any suggestion of the legal claims Plaintiff intended to assert. Without any indication of

4

legal claims, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.  Although *pro se* pleadings are held to a less stringent standard than pleadings by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett*, 528 F.3d at 437; *see Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (district courts "have no obligation to act as counsel or paralegal" to *pro se* litigants); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not required to create a *pro se* litigant's claim for him or her).

## IV.  Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, but this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 19, 2025                          *David A. Ruiz*
                                            DAVID A. RUIZ
                                            UNITED STATES DISTRICT JUDGE